UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| **PHILLIP J. COOK, individually** : | |
| and on behalf of others similarly situated, : | Civil Action No. |
| : | |
| **Plaintiff,** : | |
| : | Jury Trial Demanded |
| v. : | |
| : | FLSA Collective Action |
| **SIKA CORPORATION,** : | |
| : | |
| **Defendant.** : | |

## COLLECTIVE ACTION COMPLAINT

Phillip J. Cook ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Sika Corporation ("Defendant"), files this Collective Action Complaint against Defendant for unpaid overtime, liquidated damages, attorneys' fees, costs and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

## INTRODUCTION

Plaintiff and the FLSA Collective were and are employed by Defendant on a salary basis but perform FLSA overtime non-exempt work as roof inspectors who work over forty (40) hours per week but are not paid an overtime premium.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has general and personal jurisdiction over Defendant, as Defendant is incorporated, domiciled and conducts business within the State of New Jersey and this District.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), and a substantial part of the events giving rise to the claims plead herein occurred in this District.

## THE PARTIES

**Plaintiff**

3. Plaintiff, Phillip J. Cook, is a citizen of and domiciled in the State of Missouri. Plaintiff has been employed by Defendant from approximately November 1, 1999 to the present.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to this proceeding. His consent form is attached as Exhibit A.

**Defendant**

5. Defendant Sika Corporation is a New Jersey corporation with its principal place of business located at 201 Polito Avenue, Lyndhurst, New Jersey 07071.

## COVERAGE UNDER THE FLSA

6. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

7. Plaintiff and the FLSA Collective are or were individual employees of Defendant, who were and are engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

8. Defendant, Plaintiff and the FLSA Collective used cell phones, computers, materials, supplies and equipment that were manufactured in or purchased and shipped from states other than New Jersey, and Defendant accepted checks, credit cards, electronic payments and

processed other transactions from customers through interstate banks and financial institutions, all of which constitute interstate commerce.

9. Further, Defendant conducts business, provides services, and sells products throughout the United States and Plaintiff, as part of his duties, travelled to multiple states to work as a roof inspector for Defendant.

## COLLECTIVE DEFINITION

10. The similarly situated employees sought to be conditionally certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former salaried roof inspectors employed by Sika Corporation in the United States at any time since three (3) years prior to filing this Complaint to the present who were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a workweek (the "FLSA Collective").

## FACTS

11. Plaintiff and the FLSA Collective are or were employed by Defendant as roof inspectors throughout the United States.

12. Plaintiff and the FLSA Collective are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

13. Plaintiff and the FLSA Collective were paid on a salary basis.

14. In 2022, Plaintiff was paid an annual salary of approximately $80,000.00.

15. In 2023, Plaintiff was paid an annual salary of approximately $82,000.00.

16. In 2024, Plaintiff was paid an annual salary of approximately $85,000.00.

17. Defendant misclassified Plaintiff and the FLSA Collective as FLSA overtime exempt.

18. Plaintiff and the FLSA Collective's primary job duties as roof inspectors consisted of performing manual labor such as climbing ladders and traversing and inspecting roofs at remote job sites.

19. Plaintiff and the FLSA Collective did not hire, fire, schedule, or supervise other Sika Corporation employees.

20. Plaintiff and the FLSA Collective did not sell products or services, and were not paid a commission.

21. Plaintiff and the FLSA Collective did not perform any job duties that qualified for any FLSA overtime exemption.

22. Defendant's Employee Handbook provided that salaried employees like Plaintiff and the FLSA Collective were supposed to work thirty-five (35) to thirty-seven and one half (37.5) hours per week.

23. However, Defendant has suffered and permitted Plaintiff and the FLSA Collective to regularly work more than forty (40) hours in a workweek.

24. Plaintiff was required to travel from his home in Missouri to various worksites in Kansas, Illinois and distant parts of Missouri from which he returned home in a single day.

25. Plaintiff was required to travel from worksite to worksite during the workday.

26. Plaintiff was required to travel overnight away from home on workdays.

27. To complete his job duties, Plaintiff was regularly required to work in excess of fifty (50) hours per week.

28. Plaintiff was paid only his salary and was not paid overtime.

29. Defendant has also suffered and permitted the FLSA Collective to regularly work more than forty (40) hours in a workweek without overtime pay.

30. Plaintiff and the FLSA Collective were not compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendant's companywide policy and procedure was to pay only salary for all hours worked.

31. Defendant is aware, or should have been aware, that Plaintiff and the FLSA Collective worked overtime. Defendant assigned work schedules and required Plaintiff and the FLSA Collective to work overtime.

32. Plaintiff and the FLSA Collective were all subject to Defendant's uniform policy of not paying overtime.

## COLLECTIVE ACTION ALLEGATIONS

33. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

34. Defendant has violated, and is violating the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its roofing inspectors, like Plaintiff and the FLSA Collective, overtime as required by law.

35. Plaintiff is aware of other current or former roof inspector employees of Defendant who were subject to the same payroll practice and who worked over forty (40) hours in a workweek but were paid only salary and no overtime.

36. Defendant's practice and policy of misclassifying roofing inspectors as salaried FLSA overtime exempt employees, and not paying overtime, affects Plaintiff and the FLSA Collective similarly and is a willful violation of the FLSA.

37. The FLSA Collective are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, hours worked, pay and employment practices.

38. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice, and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the FLSA Collective are similarly situated.

39. Plaintiff and the FLSA Collective all have the same basic job duties and descriptions, and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

40. The specific job titles or precise job requirements of the FLSA Collective do not prevent proceeding collectively. All of Defendant's salaried roof inspectors, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

41. Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

42. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for hours worked over forty (40).

## CAUSES OF ACTION

### COUNT I

**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201,** *et seq.*
*(On Behalf of Plaintiff and the FLSA Collective)*

43. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times their regular rate of pay for all hours worked over forty (40) hours per workweek.

44. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.*, and its implementing regulations.

45. Defendant knew, or showed reckless disregard for the fact that it failed to pay these misclassified non-exempt workers proper overtime compensation in violation of the FLSA.

46. Defendant's failure to comply with the overtime protections of the FLSA caused Plaintiff and the FLSA Collective to suffer loss of overtime wages and interest thereon.

47. The salary paid by Defendant to Plaintiff and the FLSA Collective was intended to compensate them for thirty-five (35) to thirty-seven and one half (37.5) hours of work per week.

48. Plaintiff and the FLSA Collective are thus entitled to recover unpaid overtime calculated at one and one-half (1.5) times their regular rate of pay, which is determined by dividing all compensation paid by hours worked in each workweek.

49. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, attorneys' fees and costs under the FLSA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective, prays for relief as follows:

a. An Order permitting this case to proceed as a collective action under § 216(b) of the FLSA, and ordering notice to the FLSA Collective at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

b. Judgment that Plaintiff and the FLSA Collective are entitled to the overtime protections under the FLSA;

c. Judgment against Defendant awarding Plaintiff and the FLSA Collective all unpaid overtime, liquidated damages, interest and penalties allowed by the FLSA;

d. An award of any pre- and post-judgment interest;

e. An award of reasonable attorneys' fees and costs; and

f. Such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated:  December 19, 2024

Respectfully Submitted:

By: */s/ Ravi Sattiraju*
Ravi Sattiraju, Esq. (035251998)
SATTIRJAU & THARNEY, LLP
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Telephone: (609) 469-2110
Facsimile: (609) 228-5649
rsattiraju@s-tlawfirm.com

Philip Bohrer (to be admitted *pro hac vice*)
Scott E. Brady (to be admitted *pro hac vice*)
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com

**ATTORNEYS FOR PLAINTIFF AND THE FLSA COLLECTIVE**